IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| 14500 LIMITED, an Ohio Limited Liability Company | Civil Action No. 1:12-cv-01810 |
| Plaintiff, | Judge Christopher A. Boyko |
| v. | |
| CSX TRANSPORTATION, INC., a Virginia Corporation, | |
| Defendant. | |

**DEFENDANT CSX TRANSPORTATION, INC.'S
SUPPLEMENTAL BRIEF IN SUPPORT OF DISMISSAL**

Pursuant to the Court's March 14, 2013 Order denying Plaintiff's Motion to Remand ("Order") (Doc. 11), Defendant CSX Transportation, Inc. ("CSXT") hereby submits this Brief in support of its position that both of Plaintiff's claims in this lawsuit are equally preempted and should be dismissed with prejudice. In support, CSXT states as follows:

**I.    STATEMENT OF ISSUES**

In the Order, this Court denied Plaintiff's Motion to Remand and held that Section 10501(b) of the Interstate Commerce Commission Termination Act of 1995, 49 U.S.C. § 10101, *et seq.* ("ICCTA") completely preempts Plaintiff's state law adverse possession claim. Doc. 11 at 7. The Court relied upon numerous federal court and Surface Transportation Board ("STB") ICCTA preemption decisions supporting its conclusion. *Id.* The Court's Order also identified two issues that the parties had "not fully briefed" and requested that the parties submit further briefing. *Id.* at 10-11.

First, the Court suggested that under the STB's decision in *Jie Ao and Xin Zhou,* Pet. for Decl. Order, STB Fin. Docket No. FD 35539, 2012 STB LEXIS 206 (June 4, 2012), it is unclear

whether Plaintiff's claim for a prescriptive easement is also preempted. Doc. 11 at 10-11. Second, the Court noted that although many courts have dismissed claims upon finding ICCTA preemption, other courts stay actions and refer ICCTA preemption decisions to the STB. *Id.* at 11. In light of those two issues, the Court specifically ordered the parties to show cause why this action should not be dismissed without prejudice. *Id.*

As to the first issue, ICCTA preempts Plaintiff's prescriptive easement claim because Plaintiff seeks an ***exclusive*** easement that would deprive CSXT of the ability to use its property for future rail transportation needs. Respectfully, CSXT submits that *Jie Ao* did not hold that a claim "like the one asserted in Plaintiff's Complaint" avoids ICCTA preemption. Doc. 11 at 10-11. To the contrary, the STB in *Jie Ao* expressly recognized that a claim for an ***exclusive*** easement over railroad property, like Plaintiff's claim here, would be preempted by ICCTA. 2012 STB LEXIS 206 at *8. The same result is mandated here.

As to the second issue, CSXT submits that this Court has the authority to dismiss the Complaint with prejudice without referring this matter to the STB.

## II.     SUMMARY OF THE ARGUMENT

As this Court correctly held, ICCTA preempts Plaintiff's adverse possession claim because the taking of CSXT's rail yard property would interfere with CSXT's future rail transportation needs. Doc. 11 at 9. For ICCTA preemption purposes, Plaintiff's prescriptive easement and adverse possession are ***identical***: both seek exclusive control and possession of property that is part of CSXT's active Collinwood Rail Yard. Put simply, Plaintiffs either seek fee ownership of part of CSXT's Collinwood Rail Yard, or its equivalent. Plaintiff's prescriptive easement claim will interfere with CSXT's future rail operations in exactly the same way as Plaintiffs' adverse possession claim, and is thus equally preempted by ICCTA.

While it is true that the STB in *Jie Ao* recognized that adverse possession claims by their very nature are always preempted by ICCTA because they take the railroad's property outright, the STB also recognized that "exclusive" prescriptive easements are equally preempted:

> "In contrast [to a taking by adverse possession], a prescriptive easement or other state law property interest permitting access to portions of a railroad ROW, ***unless exclusive***, does not typically unreasonably interfere with the present or future uses of the property for activities that are part of railroad transportation . . . If, in applying state law, that court concludes, that a non-exclusive prescriptive easement exists, the court could then address the impact, if any, of 10501(b) preemption."

2012 STB LEXIS 206 at *8 (emphasis added). Moreover, ICCTA preempts even non-exclusive easements where they would "unduly interfere with property that is, or may later be, needed for railroad purposes." *Id.* at *20 (emphasis added).

Here, Plaintiff's claim is for a "permanent easement" on CSXT's property "commensurate with [Plaintiff's] historical use and domination of such" property for its own business needs. Doc. 1-1 at 7. *Jie Ao* and myriad other decisions dictate that ICCTA preempts Plaintiff's prescriptive easement claim because it seeks to permanently deprive CSXT of the ability to use and develop its property for future rail transportation activities.

Because ICCTA preempts both of Plaintiff's state law claims as a matter of law, the Court should dismiss this lawsuit with prejudice. This Court clearly has the authority and expertise to decide the legal question whether ICCTA preempts Plaintiff's state law property claims. Having already determined that ICCTA preempts Plaintiff's adverse possession claim, there is no need for the Court to now refer the nearly identical legal question concerning Plaintiff's prescriptive easement claim to the STB. Rather, the Court should instead rule that ICCTA preempts both of Plaintiff's state law claims, and dismiss this action with prejudice.

3

### III. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's lawsuit seeks to permanently take part of CSXT's Collinwood Rail Yard (the "Parcel") for Plaintiff's commercial and business operations. *See* Doc. 1-1 at ¶¶ 9-22. The Complaint asserts two nearly identical claims for: (i) adverse possession (*id.* at ¶¶25-29); and (ii) for a prescriptive easement. *Id.* at ¶¶ 30-32. Indeed, the supporting allegations and relief requested in both claims are ***identical***. *See* Doc. 1-1 at ¶¶ 9-22.

In the Complaint, Plaintiff seeks a "permanent easement" to use the Parcel "commensurate with [Plaintiff's] historical use and domination of such" property. Doc. 1-1 at 7. Plaintiff further contends that the easement is demarcated by a fence constructed by Plaintiff's predecessor. *Id.* at ¶¶ 10, 16. If Plaintiff obtains the relief requested, CSXT will no longer have the flexibility to use or access the Parcel for its future rail transportation needs. As the Court recognized, "it is critical that the Collinwood Rail yard maintain sufficient flexibility to expand or reconfigure its operations to accommodate" increased rail traffic. Doc. 11 at 9.

Accordingly, ICCTA completely preempts both of Plaintiff's claims.

### IV. LAW AND ARGUMENT

A. **Plaintiff's Prescriptive Easement Claim Seeks Exclusive Use and Possession of a Portion of CSXT's Active Rail Yard, and is Thus Preempted by ICCTA for the Same Reasons as Plaintiff's Adverse Possession Claim**

As set forth in the Order, ICCTA preemption extends to "all state laws that may reasonably be said to have the effect of 'managing' or 'governing' rail transportation." Doc. 11 at 5 (*citing Adrian & Blissfield R.R. Co. v. Vill. of Blissfield*, 550 F.3d 533, 539 (6th Cir. 2008) (citation omitted)).[1] When applying this test to state law property claims, the Court held that "attempts to take railroad property are preempted by the ICCTA." Doc. 11 at 7.

---

[1] The Sixth Circuit has determined that the "managing or governing" standard is consistent with the STB's formulation of ICCTA preemption. *See Adrian*, 550 F.3d at 540-541. Under the STB's formulation, two broad

4

Regardless whether Plaintiff labels its claim as one for adverse possession or prescriptive easement, Plaintiff seeks to take CSXT's Parcel for its own exclusive possession and use. As such, Plaintiff's easement claim presents "the most extreme type of control" over rail transportation and rail property, and is thus preempted by ICCTA for all of the reasons in the Order. *Columbiana County Port Auth. v. Boardman Twp. Park Dist.*, 154 F. Supp. 2d 1165, 1181 (N.D. Ohio 2001) (citation omitted); *see also Soo Line R.R. Co. v. City of St. Paul*, 827 F. Supp. 2d 1017, 1019 (D. Minn. 2010) (condemnation claims are preempted by ICCTA).

In the Order, the Court noted that the STB's decision in *Jie Ao* distinguishes certain types of state law property claims. *See* Order at 10-11. On one hand, ICCTA preempts claims that seek *exclusive* rights to railroad property (e.g. adverse possession), thus preventing existing rail use and future development. On the other hand, ICCTA does not necessarily preempt all routine non-exclusive crossing or utility easement claims because those claims allow the railroad to continue to use the property for all of its current and future rail transportation purposes. *See Union Pac. R.R. v. Chicago Transit Auth.*, 647 F.3d 675, 682, n. 9 (7th Cir. 2011); *Jie Ao*, 2012 STB LEXIS 206, at * 17 (same).

Nothing in *Jie Ao* (or any other decision) suggests that *exclusive* easement claims like Plaintiff's escape ICCTA preemption. To the contrary, in *Jie Ao* the STB carefully distinguished *non-exclusive* from *exclusive* easements, making clear that *exclusive* easements are subject to ICCTA preemption. 2012 STB LEXIS 206 at * 8. Unlike here, the plaintiffs in *Jie Ao* brought two separate and distinct claims: (i) one seeking "exclusive control" of a portion of the railroad

---

categories of state regulations aimed at "rail transportation by rail carriers" are "wholly preempted": (i) permitting or pre-clearance requirements or processes (including state or local environmental, zoning and other land use requirements) that by their nature, could be used to deny or delay a railroad the right to conduct rail operations or construct a facility; and (ii) attempts to regulate matters directly regulated by the STB (such as extending or acquiring rail lines). *Id.* Other state regulations may also be preempted under an "as applied" analysis – that is, "only if they would have the effect of unreasonably burdening or interfering with rail transportation, which involves a fact-specific determination." *Id.*

5

right-of-way; and (ii) one seeking a non-exclusive easement for use of a roadway on the right-of-way. The STB held that ICCTA necessarily preempted the claim for exclusive control because it fundamentally deprived the railroad of its ability to use its property in the future. *See id.* at \*14, n. 4 ("Adverse possession has the same legal effect on the property as condemnation – elimination of the prior ownership interest in the property."). While the STB did not find that ICCTA categorically or always preempted the non-exclusive claim, the STB recognized that even the requested non-exclusive easement would be preempted if further factual development showed interference with rail transportation. *Id.*[2]

Like *Jie Ao*, the majority of *non-conflicting*, *non-exclusive* easement cases involve routine easements for grade crossings or utility installments that at most involved temporary, sporadic interference with rail transportation. *See, e.g., Lincoln Lumber Co.*—Pet. for Decl. Order, STB Finance Docket No. 34915, 2007 STB LEXIS 467 (S.T.B. Aug. 10, 2007) (sewer easement); *Franks Inv. Co. LLC v. Union Pac. R.R. Co.*, 593 F.3d 404, 409 (5th Cir. 2010) (road crossing); *Maumee & Western Railroad Corp.* – Pet. for Decl. Order, Fin. Docket No. 34354, 2004 STB LEXIS 140, at \*5 (March 3, 2004) (same). None of these cases involved state law claims like Plaintiff's, which seek exclusive and permanent rights to use part of a railroad's yard or property, and thus "prevent the railroad from using it for railroad transportation in the future." *Union Pac. R.R.*, 647 F.3d at 681. Accordingly, these routine non-conflicting easement decisions are wholly inapposite and distinguishable.

It is undisputed that Plaintiff seeks a permanent and exclusive easement to use part of CSXT's Collinwood Rail Yard. In effect, Plaintiff's prescriptive easement claim is nothing more than an alternate version of Plaintiff's adverse possession claim. In fact, the allegations

---

[2] *See also id.* at \*20 ("If the Superior Court determines that, under state property law, Petitioners hold a prescriptive nonexclusive easement to Parcel E . . ., then the Superior Court could . . . address whether the continued use of the easement would unduly interfere with property that is, or may later be, needed for railroad purposes."

6

supporting both counts and the relief requested in both counts are ***identical.*** Plaintiff wants to use and control the Parcel for its own commercial activities to the exclusion of CSXT. *See id.* at ¶ 23 (broadly defining scope of easement to include as much of the Parcel as "necessary for the operation of the business interests of the Plaintiff"); *see also Hurst v. Baker*, 2000 Ohio App. LEXIS 3872, at *6 (Ohio Ct. App., Gallia County Aug. 22, 2000) (Plaintiff's prior and current use of the parcel determines the nature and extent of the requested prescriptive easement).

Regardless how Plaintiff labels its claims, the ultimate objective remains the same – Plaintiff seeks permanent and unfettered control over a portion of CSXT's active and operating Collinwood Rail Yard. This Court has already held that ICCTA preempts Plaintiff's attempt to achieve this goal through an adverse possession claim. The same legal reasoning applies to Plaintiff's prescriptive easement claim. Under the legal reasoning and authorities cited above and in the Order, both of Plaintiff's state law claims are equally preempted by ICCTA.

### B. This Court Should Dismiss Plaintiff's Claims with Prejudice

Because Plaintiff's prescriptive easement claim falls squarely within ICCTA's preemptive scope, this Court should dismiss it with prejudice. Given the STB's clear precedent in *Jie Ao* and other decisions, there is simply no need to refer this matter to the STB.

The STB's "exclusive jurisdiction" over rail transportation under 49 U.S.C. § 10501(b) does not deprive the federal courts of subject matter jurisdiction. *See Pejepscot Indus. Park, Inc. v. Maine Central R.R. Co.*, 215 F.3d 195, 204-05 (1st Cir. 2000) ("The thrust of the statute is to federalize these disputes, not to deprive the federal courts of jurisdiction."). Nor does ICCTA require referral to the STB under the doctrine of primary jurisdiction. *Id.* at 204-05; *see also Elam v. Kansas City Southern Railway Co.*, 635 F.3d 796, 813 (5th Cir. 2011) (referral to the STB not required when there is "no substantial claim or issue requiring resolution by the STB.").

In fact, courts repeatedly make determinations that ICCTA preempts state law property claims similar to Plaintiff's claims in this case. *See Columbiana*, 154 F. Supp. 2d at 1167 (granting permanent injunction enjoining local authority's attempt to condemn rail property); *see also Soo Line*, 827 F. Supp. 2d at 1019 (granting summary judgment ICCTA preemption of condemnation claim); *Wisconsin Cent. Ltd. v. City of Marshfield*, 160 F. Supp. 2d 1009, 1015-1016 (W.D. Wis. 2000) (same). Conversely, the STB routinely declines to decide state law property issues referred by the courts. *See Lincoln Lumber*, 2007 STB LEXIS 467, at *6-7 ("Courts can, and regularly do . . . make determinations as to whether proposed eminent domain actions such as this would interfere with railroad operations. The uses that LLC has raised concerns about here are common and of the type that the courts are well-suited to address."); *see also Maumee*, 2004 STB LEXIS 140, at *5 (same). The same rationale applies here.

Just a few weeks ago, the STB declined to decide a state law claim requiring application of the *Jie Ao* decision and referred the matter back to the referring court to decide. *See City of Milwaukie – Pet. for Decl. Order*, Fin. Docket No. 35625, 2013 STB LEXIS 100 (March 20, 2013). The same result is warranted here. There is no reason to prolong this straightforward dispute by referring it to the STB. The Court has already correctly applied the *Jie Ao* decision to determine that ICCTA preempts Plaintiff's adverse possession claim. The Court should reach the same result as to the prescriptive easement claim, and dismiss this suit in its entirety.

For the foregoing reasons and authorities, CSXT respectfully submits that the action should be dismissed *with prejudice*. Because Plaintiff's claims are both completely preempted by ICCTA, Plaintiff cannot assert those claims in any forum. Absent any possible surviving state law claim, this action must be dismissed with prejudice. Numerous courts have done so under similar circumstances. *See, e.g., B & S Holdings, LLC v. BNSF Ry.*, 889 F. Supp. 2d 1252,

1260 (E.D. Wash. 2012); *see also Union Pacific R.R.*, 647 F.3d at 683 (affirming district court's grant of summary judgment to defendant on plaintiff's state law condemnation claim); *Soo Line R.R.*, 827 F. Supp. 2d at 1019; *Wisconsin Cent. Ltd.*, 160 F. Supp. 2d at 1015-1016.

## V. CONCLUSION

For the foregoing reasons and authorities, Defendant CSX Transportation, Inc. respectfully requests that the Court dismiss all of Plaintiff's claims in this action with prejudice.

Respectfully submitted this 12th day of April, 2013.

**McGUIREWOODS LLP**

By: */s/ R. Eric Bilik*
R. Eric Bilik
*Admitted Pro Hac Vice*
50 N. Laura Street, Suite 3300
Jacksonville, Florida 32202
(904) 798-3200
(904) 798-3207 (fax)

and

Jeffery D. Ubersax
Ohio Bar No. 0039474
Robert E. Haffke
Ohio Bar No. 0082451
**JONES DAY**
901 Lakeside Avenue
Cleveland, Ohio 44114
(216) 586-7112
(216) 579-0212 (fax)

*Attorneys for Defendant CSX Transportation, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on April 12, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

David J. Horvath, Esq.
7100 E. Pleasant Valley Road, Suite 110
Independence, Ohio 44131
(216) 986-0860
djhorvath@hotmail.com

                                      */s/ R. Eric Bilik*
                                      R. Eric Bilik
                                      One of the Attorneys for Defendant
                                      CSX Transportation, Inc.

47253882_1